1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA BELYEW,                          No.  2:17-cv-0723 MCE CKD P

12                 Plaintiff,

13        v.                               ORDER

14   LARRY LORMAN, et al.,

15                 Defendants.

16

17        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil

18   rights under 42 U.S.C. § 1983.   The only remaining defendant, defendant Lorman, is a Colusa

19   Police Officer.

20        On August 28, 2018, defendant filed a motion asking that the court compel plaintiff to

21   provide testimony at a deposition.  Plaintiff's original deposition was noticed for July 23, 2018 at

22   the Colusa County Jail, but plaintiff refused to testify.  Defendant was explicitly granted

23   permission to depose plaintiff in the court's March 27, 2018 Discovery and Scheduling Order

24   pursuant to Rule 30 of the Federal Rules of Civil Procedure.

25        Plaintiff opposes the motion to compel.  Among other things, plaintiff feels that if she is

26   deposed, she will be denied the ability to personally appear and present her case at her trial since,

27   according to plaintiff, her deposition testimony could be used in lieu of live testimony. Plaintiff is

28   informed that while Federal Rule of Evidence 804 does permit the admission of deposition

testimony at a trial under certain circumstances, her deposition could not be used in lieu of plaintiff's live testimony in her case-in-chief against plaintiff's wishes.

Plaintiff also asserts it is emotionally difficult for her to recount the events comprising her remaining Fourth Amendment claim against defendant Lorman. While the court is sympathetic to this assertion, it is not possible for plaintiff to remove herself from any discussion of the events underlying her claim if she wishes to pursue it.[1]

Finally, plaintiff asks that the court issue a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(1)(A) precluding defendant from deposing plaintiff. However, plaintiff fails to point to any authority suggesting that rule provides a basis upon which the court may preclude one party from deposing another, as opposed to merely limiting the questions which may be asked. Even if the court had such authority, plaintiff has not shown her being deposed would subject her to a level of hardship justifying the court's preclusion of her being deposed.

Because plaintiff has failed to show good cause for her refusal to testify at a deposition, she will be compelled to do so. If she refuses to testify a second time, plaintiff will be sanctioned, most likely with dismissal of this action.

Plaintiff requests that the court seal the deposition transcript once the deposition is complete. This request is premature. If, after the deposition, plaintiff has grounds to file a motion to seal, she may make her request at that time.

Finally, plaintiff requests that the court order that plaintiff be provided a copy of the transcript of her deposition pursuant to Federal Rule of Civil Procedure 30(f)(3). That rule does not provide a basis for ordering that plaintiff be provided a transcript of her deposition transcript free of charge, nor does her status as a litigant proceeding in forma pauperis.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel (ECF No. 43) is granted.

---

[1] Plaintiff indicates she "does not see how this deposition will help the defendant." A purpose of discovery, including depositions, is to make the parties aware of any potential evidence which may be presented at trial so that they may adequately prepare for trial. Another purpose is to provide parties with a thorough understanding of their respective cases permitting them to assess whether settlement is appropriate and, if so, on what terms.

2. Plaintiff is ordered to provide testimony at a deposition within 30 days. Defendant shall provide plaintiff with notice of the deposition as required by Rule 30(b) of the Federal Rules of Civil Procedure. Defendant may videotape the deposition. Plaintiff's refusal to be deposed will result in sanctions, most likely dismissal.

3. Plaintiff's request for a protective order is denied.

4. Plaintiff's request that the transcript of the deposition be sealed is denied.

5. Plaintiff request that the court order that plaintiff be provided a copy of the deposition transcript free of charge is denied.

Dated: November 8, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
bely0723.mtc