UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW, | No. 2:17-cv-0723-MCE-CKD |
| Plaintiff, | |
| v. | **ORDER** |
| LARRY LORMAN, et al., | |
| Defendant. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Local Rule 302. On February 10, 2020, the Magistrate Judge filed Findings and Recommendations herein which were served on all parties and which notified all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 73. Plaintiff and Defendant filed timely Objections to the Findings and Recommendations.[1] ECF Nos. 74, 75.

///

---

[1] In her objections, Plaintiff asserts that there is a picture in the record taken four days after she was arrested by Defendant which reveals a mark on her neck. The Court located a picture of the back of Plaintiff's neck on page 16 of Plaintiff's March 30, 2018 response to Defendant's answer. ECF No. 30. It appears possible that there is bruising on the right side of the back of Plaintiff's neck, but it is not clear. In any case, for reasons stated in the Magistrate Judge's Findings and Recommendations, summary judgment is still appropriate with respect to Plaintiff's excessive force claim concerning alleged choking considering the video evidence provided by Defendant.

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. The Court adopts the Findings and Recommendations with the following exception. The Magistrate Judge found that Plaintiff could allege a Fourth Amendment excessive force claim on grounds that Plaintiff was forced to lie on her stomach with her feet and hands tied together for a duration of time longer than necessary. However, as Defendant notes in his objections, such a claim was not made in Plaintiff's First Amended Complaint and Defendant has not had an opportunity to address this argument. Plaintiff only alleges she suffered bruising as a result of the hobble restraint, but Plaintiff does not advance in any way that she was restrained in the hobble longer than necessary. Because this claim was not raised in the First Amended Complaint, it cannot provide a basis on which to deny summary judgment. Having carefully reviewed the entire file, and with the preceding exception, the Court finds the Findings and Recommendations to be supported by the record and proper analysis. IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed February 10, 2020, ECF No. 73, are ADOPTED in part consistent with the foregoing;

2. Defendant's Motion for Summary Judgment, ECF No. 53, is DENIED as to Plaintiff's Fourth Amendment excessive force claim concerning her allegation that Defendant grabbed her buttocks causing bruises;

3. Defendant's Motion for Summary Judgment is GRANTED in all other respects; and

4. This matter is referred back to the Magistrate Judge assigned to this case for further proceedings.

IT IS SO ORDERED.

Dated: March 30, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE