UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE BELYEW, | No. 2:17-cv-00723-DJC-CKD |
| Plaintiff, | |
| v. | ORDER |
| LARRY LORMAN, | |
| Defendant. | |

Plaintiff has filed a request for a restraining order against the "California Department of Corrections Medical" based on their refusal to permit Plaintiff to access her legal documents as she has refused to take a COVID-19 test.[1] (ECF No. 112.)

To prevail on such a request, the moving party must show that "[s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Under *Winter*, the proper test requires a party to demonstrate: (1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of an

---

[1] As the motion does not seek injunctive relief against Defendant and is not "directed at Defendant," Defendant has not elected to not address the substance of Plaintiff's request. (ECF No. 119.) Defendant does object to any delay of trial on these grounds as Plaintiff has not established sufficient basis for a delay. (*Id.* at 1–2.)

1

injunction; (3) the balance of hardships tips in her favor, and (4) an injunction is in the public interest. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter*, 555 U.S. at 20).  However, injunctive relief against individuals who are not parties to an action is strongly disfavored.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment … resulting from litigation in which he is not designated as a party….").

   Plaintiff's motion is a request for injunctive relief against individuals who are not parties to this action. (ECF No. 112.)  As such, injunctive relief is strongly disfavored.  *See Zenith Radio Corp*, 395 U.S. at 110.  Further, Plaintiff requests relief unrelated to the issues underlying this case.  As the injunctive relief sought by the plaintiff is not based on claims asserted in the complaint, the court does not have authority to grant the requested injunctive relief.  *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have authority to issue an injunction.").

   The All Writs Act, 28 U.S.C. § 1651(a) does permit the Court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  However, the All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. *Plum Creek Lumber Co. v. Hutton*, 608 F.2d 1283, 1289 (9th Cir. 1979).  Nothing in Plaintiff's motion indicates that injunctive relief is necessary for the court to exercise or preserve its jurisdiction.

   Accordingly, Plaintiff's Motion for Restraining order (ECF No. 112) is denied.

   Plaintiff has also requested that the Court issue an order directing the California Department of Corrections and Rehabilitation ("CDCR") to "print out necessary jury instructions and any and all documents necessary to prepare for trial." (ECF No. 122.) Plaintiff claims that CDCR refuses to give her access to these documents and argues that this is a violation of her due process rights. (*Id.*)

////

This request appears to be an extension of Plaintiff's motion for a restraining order as discussed above.  To the extent Plaintiff's request is made on the same basis as that prior motion (*see* ECF No. 112), Plaintiff's request is denied.  If Plaintiff's request is made based on different facts, Plaintiff has not provided sufficient facts on which the Court could determine such an order is necessary and legally appropriate.

In accordance with the above and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for Restraining Order (ECF No. 112) is DENIED; and
2. Plaintiff's Request for Jury Instructions (ECF No. 122) is DENIED.


IT IS SO ORDERED.

Dated:  **September 26, 2023**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE