1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LISA MARIE PEREZ, *formerly known as*           No. 2:17-cv-00723-DJC-CKD
     LISA MARIE BELYEW,
12
                       Plaintiff,
13                                                   ORDER
             v.
14
     LARRY LORMAN,
15
                       Defendant.
16

17          Before the Court are Plaintiff Lisa Perez's Request to view body camera audio

18   and video relevant to her claims against Defendant Larry Lorman  (ECF No. 123) and

19   Defendant's Motion to Quash subpoenas sent by Plaintiff related to the same body

20   camera footage (ECF No. 156.)

21          Plaintiff is a pro per litigant who is currently confined at the California Institution

22   for Women ("CIW").  The Court previously ordered production of each Party's

23   discovery, which Defendant concedes includes the requested body camera footage.

24   (*See* ECF No. 107; Response to Request (ECF No. 121).)  Defendant has made two

25   attempts to send the discovery to Plaintiff, first by thumbdrive, and then by CD.  (ECF

26   No. 121.)  The thumbdrive was apparently confiscated by the corrections facility (ECF

27   No. 121 at 2), and the CD was returned to Defendant's counsel with a note stating that

28

CDs are not allowed at CIW.  Defendant has maintained that it is willing to cooperate with Plaintiff to ensure that she is provided with the footage.  (ECF No. 121.)

On or about December 29, 2023, Plaintiff sent two subpoenas to Defendant's counsel: one requesting that the counsel appear and testify about the body camera footage at the status conference set for February 15, 2023, and one requesting that Defendant bring the body camera footage to the same.  (ECF No. 156, 1–2.) Defendant objects that these subpoenas are improper and has filed a Motion to Quash.  (*Id.*)  Defendant's Motion to Quash is GRANTED as Plaintiff lacks a legal basis to subpoena the testimony and records requested.

However, the Court understands the importance of Plaintiff being able to receive all discovery and view the body camera footage prior to trial so that Plaintiff may adequately prepare her case.  Because Plaintiff has not been able to directly receive the footage due to restrictions at the correctional facilities, on the Court's own motion, a further status conference is set on January 31, 2024 wherein the Court will provide the Plaintiff an opportunity to view the footage.  Defendant is ORDERED to lodge the relevant body camera footage with the Court within 5 days of this order.

For the above reasons, IT IS HEREBY ORDERED:

1. Plaintiff's Request to view body camera footage (ECF No. 123) is GRANTED;

2. Defendant is ORDERED to lodge the body camera footage with the Court within 7 days of the date of this order;

3. A zoom status conference to allow Plaintiff to view the footage is set for January 31, 2024 at 9am via zoom; and

4. Defendant's Motion to Quash (ECF No. 156) is GRANTED.

IT IS SO ORDERED.

Dated:   **January 19, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

2